IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MILLENNIUM PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOSPIRA INC.,<br><br>Defendant. | Civil Action No. 16-998 (GMS) |

**STIPULATION REQUESTING ENTRY OF JUDGMENT**

WHEREAS Plaintiff Millennium Pharmaceuticals, Inc. ("Millennium") is the holder of New Drug Application No. 21-602 by which the FDA granted approval for VELCADE® for Injection, a proteasome inhibitor, for intravenous or subcutaneous administration for the treatment of patients with multiple myeloma and patients with mantle cell lymphoma;

WHEREAS Defendant Hospira Inc. has filed New Drug Application ("NDA") No. 209191 for approval to manufacture and sell a generic version of VELCADE® for Injection prior to the expiration of U.S. Patent No. 6,713,446 ("the '446 patent") and 6,958,319 ("the '319 patent");

WHEREAS in *Millennium Pharmaceuticals, Inc. v. Sandoz Inc., et al.*, No. 12-1011 (GMS), the Court has ordered and adjudged that claims 20, 31, 49, and 53 of the '446 patent ("the Asserted Claims") are invalid due to obviousness ("the Sandoz Judgment");

WHEREAS Millennium disagrees with and has noticed its appeal from the Sandoz Judgment;

WHEREAS the Parties agree that based on the Sandoz Judgment, entry of judgment in this action is appropriate;

WHEREAS the Parties agree that the interests of efficiency are best served by Millennium's appeal from this action being stayed pending resolution of Millennium's appeal from the Sandoz Judgment;

NOW THEREFORE, the parties hereby stipulate and agree as follows, subject to the approval of the Court:

1. Defendant stipulates that the filing of NDA No. 209191 infringes the Asserted Claims under 35 U.S.C. § 271(e)(2)(A), and that the commercial manufacture, marketing, use, or sale of the generic bortezomib product described in NDA No. 209191 would infringe the Asserted Claims under 35 U.S.C. § 271(a)-(b);

2. Plaintiff stipulates that it will not assert that the Hospira NDA or the Hospira NDA Product, including any amendment, supplement or replacement to the NDA, infringes the '319 patent, provided that the product that is the subject of and described in such amended, supplemented, or replaced NDA continues to contain the mannitol ester of bortezomib;

3. Except for the four Asserted Claims, Millennium dismisses with prejudice any other claim that Defendant infringes the '446 patent based on NDA No. 209191;

4. In relation to NDA No. 209191, except for the Asserted Claims, Defendant dismisses with prejudice any other claim that the '446 patent is invalid or unenforceable;

5. Millennium's appeal from the final judgment in this action shall proceed on the record underlying the Sandoz Judgment;

6. If any party who is not party to the appeal of the Sandoz Judgment successfully challenges the Asserted Claims, nothing in this stipulation shall prevent Hospira from using that invalidity decision for any purpose;

7. The Parties shall jointly move to stay Millennium's appeal from the final judgment in this action pending issuance of a mandate by the Federal Circuit in Millennium's appeal from the Sandoz Judgment;

8. If a mandate is issued by the Federal Circuit in Millennium's appeal from the final judgment in the Sandoz Action which reverses or vacates the district court judgment, then the Parties shall within 14 days thereafter jointly move to remand Millennium's appeal from the final judgment in this action to the district court for further proceedings. On remand, Hospira may raise any invalidity evidence or arguments against the Asserted Claims;

9. If a mandate is issued by the Federal Circuit in Millennium's appeal from the final judgment in the Sandoz Action which affirms the district court judgment, then Millennium's appeal from the final judgment in this action shall continue to be stayed until the result of any petition for writ of certiorari arising therefrom. If the result of Millennium's appeal from the Sandoz Judgment, including any petition for writ of certiorari arising therefrom, is that the Sandoz Judgment is affirmed, then Millennium shall within 14 days thereafter move to dismiss its appeal from the judgment entered against it in this action.

10. The Court shall enter final judgment in this action in the form attached hereto as Exhibit A.

Case 1:16-cv-00998-GMS Document 19 Filed 04/12/17 Page 4 of 4 PageID #: 83

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*
*Millennium Pharmaceuticals, Inc.*

OF COUNSEL:

WILMER CUTLER PICKERING HALE AND DORR LLP
William F. Lee
Lisa J. Pirozzolo
Emily R. Whelan
60 State Street
Boston, MA 02109
Tel. 617-526-6000
Fax: 617-526-5000
william.lee@wilmerhale.com
lisa.pirozzolo@wilmerhale.com
emily.whelan@wilmerhale.com

Robert M. Galvin
950 Page Mill Road
Palo Alto, CA 94304
Tel. 650-858-6000
Fax: 650-858-6100
robert.galvin@wilmerhale.com

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
Tel: 302.472.7300
Fax: 302.472.7320
dgattuso@hegh.com

*Attorneys for Defendant*
*Hospira Inc.*

OF COUNSEL:

WILLKIE FARR & GALLAGHER LLP
Thomas J. Meloro
Michael W. Johnson
787 Seventh Avenue
New York, NY 10019
Tel. 212-728-8000
Fax: 212-728-8111
tmeloro@willkie.com
mjohnson1@willkie.com

Dated: _____________, 2017

**SO ORDERED** this 19th day of April, 2017

_______________________________
UNITED STATES DISTRICT COURT JUDGE